STATE of Iowa, Appellee,

v.

Paul Raymond HEMPTON, Appellant.

No. 64274.

Supreme Court of Iowa.

Sept. 23, 1981.

William L. Wegman, Public Defender's Office, for appellant.

Thomas J. Miller, Atty. Gen., Thomas J. Martin, Asst. Atty. Gen., Daryl E. Roberts, County Atty., and Allan W. Vander Hart, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

McCORMICK, Justice.

After waiving a jury, defendant was convicted and sentenced for robbery in the first degree in violation of sections 711.1 and 711.2, The Code, and for assault with intent to inflict serious injury in violation of section 708.2, The Code. He contends the trial court erred in overruling his motion to dismiss based on speedy trial grounds, in holding two meetings in chambers in his absence, and in overruling his motion for acquittal based on alleged insufficiency of proof of venue. Finding no merit in his contentions, we affirm.

I. *The speedy trial ruling.* Defendant moved to dismiss the case before trial because of the State's alleged failure to bring him to trial within one year of his initial arraignment as required by Iowa R.Crim.P. 27(2)(c). The rule provides: "All criminal trials must be brought to trial within one year after the defendant's initial arraignment unless an extension is granted by the court, upon a showing of good cause."

Defendant was arrested for running a stop sign while driving in Moline, Illinois, on July 15, 1978. When the officers learned the vehicle had been reported stolen, they arrested defendant for possession of a stolen vehicle. He appeared before an Illinois magistrate on July 17, 1978. He was informed of the Iowa charges against him and bond amounts were fixed. He was subsequently returned to Iowa on these charges. He was brought before an Iowa magistrate for an initial appearance on August 23, 1978. A trial information was filed August 28, 1978, and he was arraigned on that date. He entered a plea of not guilty.

Trial did not commence until July 31, 1979. In his motion to dismiss the charge, defendant alleged rule 27(2)(c) required the State to bring him to trial within one year of his court appearance in Illinois on July 17, 1978. The trial court overruled the motion, and defendant assigns the ruling as error.

■ We are thus required to decide what the term "initial arraignment" means in rule 27(2)(c). This question is answered in the rules. Iowa R.Crim.P. 8(1) provides that an accused is to be arraigned in open court as soon as practicable after the filing of an indictment or trial information. The rule defines arraignment: "Arraignment shall consist of reading the indictment to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto." It is obvious that neither defendant's appearance before a magistrate in Illinois nor his initial appearance before a magistrate in Iowa constituted an arraignment within the meaning of the rules of criminal procedure. Those proceedings were not taken to obtain a plea to the charges. The Illinois appearance was a proceeding under the Interstate Extradition Compact like that prescribed in section 818.7, The Code. The nature of the initial appearance before the Iowa magistrate is described in Iowa R.Crim.P. 2 (1–3).

Defendant argues, however, that "initial arraignment" in rule 27(2)(c) really means "initial appearance." He asserts that because a defendant is arraigned only once, the use of the word "initial" signifies that the rule actually refers to the accused's first appearance in court after his arrest, even if, as here, this appearance occurs in another state. We do not agree with defendant's premise. At least two situations may arise in which a defendant is arraigned more than once.

One arises when a court sustains a motion to dismiss based on a defect in the institution of the prosecution or in the indictment or information. When a new or amended indictment or information is filed pursuant to Iowa R.Crim.P. 10(7), a new arraignment is held. Yet this is not the "initial arraignment" because the defendant has previously been arraigned under rule 8(1) on the same charge. It is significant that rule 10(7) provides the 90-day period for speedy trial commences anew with the new filing but does not provide similarly regarding the one-year limitation in rule 27(2)(c).

A second situation when rearraignment may occur is illustrated in *State v. Zaehringer*, 306 N.W.2d 792, 793 (Iowa 1981). In that case the defendant was rearraigned upon remand after reversal on appeal of his conviction and sentence. The reason for the rearraignment does not appear, but the case shows that an accused may in fact be arraigned more than once.

The present issue was not raised in *State v. Magnuson*, 308 N.W.2d 83 (Iowa 1981). In that case, however, we assumed that the one-year period in rule 27(2)(c) is triggered by the district court arraignment which occurs after the filing of an indictment or information.

Moreover, we believe this interpretation is reasonable. A case can be brought to trial only when it is in court. Even when a prosecution has been initiated, the case is subject to trial only after arraignment and plea. *See State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975). The period for filing the indictment or information is provided in rule 27(2)(a). The 90-day speedy trial period in rule 27(2)(b) starts with the filing of the indictment or information. Rule 8(1) requires the arraignment to occur as soon as practicable after that filing. It is therefore logical that the one-year period should start with arraignment. Rule 27(2)(c) fixes an outer limit for trial, like a statute of limitations. Our interpretation of the rule is consistent with its context.

We hold that the trial court did not err in overruling defendant's motion to dismiss.

II. *The meetings in chambers.* The first witness at trial was the alleged victim. When her testimony concluded, the court took its evening recess. After adjournment the court called counsel into chambers with the court reporter present. In the presence of counsel the court asked the court reporter to describe an incident which had occurred that morning when the reporter entered a court office. The reporter said a woman was seated there:

I went in and said do you see any tape here and she said no, I'm in here keeping myself occupied. I'm a witness in the trial. I'm the second witness, and I can't be in there while the first one is. Then she said something about the girl made threatening phone calls to her last night and that she was even testifying in her behalf.

The judge said the reporter had told him of the incident at noon. Defense counsel voiced no objection to the proceeding taking place in his client's absence. He asked leave to recall the victim as a witness, which was granted. However, he did not recall the victim. Instead he brought out the evidence of the alleged threat during cross-examination of the witness who allegedly received it. The witness fully described the incident and said nothing inconsistent with the in-chambers report.

At the conclusion of the evidence in the case, defense counsel asked to make a record in chambers. Again defendant was not present. The record consisted of defense counsel's recitation of a conversation he had with the prosecutor indicating that the prosecutor was aware of the alleged threat the evening before the trial commenced.

Defendant, represented by different counsel on appeal, contends that conducting the two in-chambers discussions in his absence infringed his right to due process of law in violation of U.S.Const., amend. XIV.

The question of a defendant's right to be present during trial is addressed in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), *Blackwell v. Brewer*, 562 F.2d 596

(8th Cir. 1977), *State v. Dreessen*, 305 N.W.2d 438 (Iowa 1981), *State v. Gruber*, 281 N.W.2d 636 (Iowa 1979), *State v. Blackwell*, 238 N.W.2d 131 (Iowa 1976), and *State v. Snyder*, 223 N.W.2d 217 (Iowa 1974).

In *Blackwell v. Brewer*, the court recognized the possibility of a defendant's waiver of the right to be present. 562 F.2d at 600. *Cf. State v. Wilcoxen*, 200 Iowa 1250, 206 N.W. 260 (1925) (right of defendant to be present cannot be waived by counsel). We pass the issues of waiver and preservation of error. We also pass the issue whether the in-chambers discussions were a stage of the trial at which the defendant had a right to be present either as a matter of constitutional right or under Iowa R.Crim.P. 25(1).

We hold the record shows beyond a reasonable doubt that any error in holding the discussions in defendant's absence was harmless under the standard in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The discussions involved disclosure by the court of information favorable to the defense. A full record was made of the events. The information was explored by defense counsel in cross-examining the allegedly threatened witness in the presence of the defendant. Defense counsel was granted the right to recall the victim for interrogation concerning the alleged threat. It is neither shown nor suggested that defendant's presence at the discussions could conceivably have made any difference. No basis exists for believing the discussions could have influenced the verdict.

We decline to reverse on this ground.

III. *Proof of venue.* Defendant alleges the State did not offer substantial evidence that the offenses occurred in Buchanan County. We refuse to consider this contention for two reasons. First, defendant waived his right to challenge venue by failing to raise the issue before trial. § 803.2, The Code; *State v. Donnelly*, 242 N.W.2d 295, 298 (Iowa 1976). Second, venue is neither a "jurisdictional fact" nor an element of the offenses. *State v. Allen*, 293 N.W.2d 16, 20 (Iowa 1980).

No reversible error has been shown.

AFFIRMED.