Lloyd WENMAN, Appellant,

v.

STATE of Iowa, Appellee.

No. 68522.

Supreme Court of Iowa.

Dec. 22, 1982.

Philip Mears of Mears, Zimmerman & Mears, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen. and Janice M. Becker, Asst. County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

Applicant Lloyd Wenman appeals the district court's dismissal of his application seeking postconviction relief from his conviction of a class "D" felony under Iowa Code section 811.2(7) (1981) (failure to appear). Wenman contends that the trial court, in which he was convicted of the felony of failure to appear for a misdemeanor sentencing, construed section 811.-2(7) incorrectly; as a result, his guilty plea to a felony charge of failure to appear was not voluntarily and intelligently entered because: (1) the trial judge failed to explain the varying ways of committing the offense and the different penalties attached, and (2) the trial judge failed to establish a factual basis for the plea. The State asserts that Iowa Code section 663A.8 bars the requested postconviction relief.

We affirm the postconviction court's dismissal of Wenman's application without reaching the merits of his contentions.

Wenman was arrested on February 8, 1980, and charged with going armed with a dangerous weapon concealed on his person in violation of Iowa Code section 724.4 (1979), an aggravated misdemeanor. Applicant was released to the supervision of the Department of Correctional Services the same day. He pled guilty to the charge on

March 26, and on May 1 he failed to appear at a sentencing hearing as ordered.

A charge of failure to appear in violation of Iowa Code section 811.2(7) then was filed. On August 13, 1980, applicant pled guilty to the charge, as filed, of failure to appear and was sentenced.

Wenman took a direct appeal from his guilty plea conviction. We dismissed the appeal without reaching the merits because Wenman had failed to challenge the adequacy of his guilty plea by a motion in arrest of judgment in the trial court. Iowa R.Crim.P. 23(3)(a). The record shows that the court at the guilty plea proceeding adequately advised Wenman of the need to file a motion in arrest of judgment, and that failure to so raise such challenge would preclude his right to challenge the guilty plea on appeal. Iowa R.Crim.P. 8(2)(d), 23(3)(a). Wenman does not contend otherwise.

Applicant then filed an application for postconviction relief in which he raised the same contentions as on direct appeal. He also asserted that Iowa Code section 663A.8 (1981) did not bar the relief sought. Applicant moved for summary judgment. The postconviction court considered the merits of Wenman's contentions and the motion was overruled. Subsequently, the State's motion to dismiss was sustained.

Applicant appealed. The State asserts that his failure to file a motion in arrest of judgment also was a bar under section 663A.8 to his requested postconviction relief.

■ Postconviction relief actions under chapter 663A are law actions which ordinarily are reviewed only on error. *Hahn v. State,* 306 N.W.2d 764, 768 (Iowa 1981). We review only those matters which were properly raised and preserved below.

■ Wenman contends that rule 23(3)(a) bars only a direct appeal, when a motion in arrest of judgment is not filed, and does not bar a postconviction relief attack on a guilty plea. We believe his argument misses the point of his burden under section 663A.8. Before we can reach the merits of Wenman's contentions, he must establish by a preponderance of the evidence "sufficient reason" for failing to file a motion in arrest of judgment in the trial court. Iowa Code § 663A.8.[1] *See Washington v. Scurr,* 304 N.W.2d 231, 235 (Iowa 1981); *Armento v. Baughman,* 290 N.W.2d 11, 13 (Iowa 1980). The fact that Wenman's claim was not previously adjudicated in a direct appeal does not necessarily mean he is entitled to urge it in a postconviction action. *Id.; see also, Snyder v. State,* 262 N.W.2d 574, 578 (Iowa 1978) ("To the extent petitioner seeks to relitigate the issues as to the validity of his guilty pleas . . . our prior ruling affirming his convictions and dismissing the appeal [as frivolous] is final"); *Thomas v. State,* 316 N.W.2d 182, 184 (Iowa Ct.App.1981) (if evidence of the shortcomings of petitioner's guilty plea are clearly in the record, and relief from such alleged shortcomings was available on direct review, failure to assert the shortcomings on direct appeal bars postconviction relief); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (state prisoners who failed to comply with Ohio rule mandating contemporaneous objections to jury instructions may not challenge those instructions in a federal habeas proceeding if proper objections not raised at trial).

■ Wenman asserts no reasons at all for his failure to file a motion in arrest of judgment in the trial court. Applicant's present appeal is no more than an attempt to use postconviction relief to circumvent the statutory requirement and remedy of rules 8(2)(d) and 23(3)(a) to file a motion in arrest of judgment to challenge the adequa-

---

1. Section 663A.8 provides in relevant part:

   Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

cy of the guilty plea. *State v. Lucas,* 323 N.W.2d 228, 229–31 (Iowa 1982) (failure to file motion in arrest of judgment precludes procedural attacks on guilty plea). This we cannot allow. *See Horn v. Haugh,* 209 N.W.2d 119, 121 (Iowa 1973). The trial court never had an opportunity to correct the errors Wenman now alleges. Even issues of a constitutional magnitude will not be addressed in a postconviction action if they were not raised first in the trial court. *Fryer v. State,* 325 N.W.2d 400, 405 (Iowa 1982).

Section 663A.2 specifically forbids the taking of a second appeal under the guise of asking postconviction relief. *Carstens v. Rans,* 210 N.W.2d 663, 665 (Iowa 1973). Applicant's brief in this appeal is, with a few minor exceptions, identical to his brief on direct appeal, a copy of which was filed with the postconviction court.

The purpose of rules 8(2)(d) and 23(3)(a) is to allow the trial court to correct defects in guilty plea proceedings before an appeal and thus eliminate the necessity for an appeal. *State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980). This admirable purpose would be thwarted if we were to allow a postconviction action to attack a guilty plea on the same grounds on which direct appeal had failed because of defendant's failure to file a motion in arrest of judgment after being advised of his right to do so and the consequences for not doing so.

Applicant was advised of the necessity of filing a motion in arrest of judgment. The present record presents no reason for his failure to do so. For the purposes of section 663A.8, Wenman has failed to establish by a preponderance of the evidence "sufficient reason" why he failed to file a motion in arrest of judgment that would allow him to preserve in the trial court and on direct appeal the grounds he now urges in this postconviction action. It was not necessary, therefore, for the postconviction court to have considered the merits of Wenman's postconviction application. We affirm the postconviction court's dismissal of Wenman's application but on a different ground than that relied on by the postconviction court. *Citizens First National Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980); *State ex rel. Miller v. National Farmers Organization,* 278 N.W.2d 905, 906 (Iowa 1979).

AFFIRMED.