Kenneth Dean EARNEST, Appellant,

v.

STATE of Iowa, Appellee.

No. 92–1806.

Supreme Court of Iowa.

Nov. 24, 1993.

Patrick L. Wilson, Marshalltown, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and Diann Wilder–Tomlinson, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Kenneth Dean Earnest filed an application for postconviction relief claiming that he had been denied effective assistance of counsel during his plea and sentencing proceedings, resulting in an erroneous restitution order. The State moved for summary judgment asserting that the restitution claim was procedurally barred because the district court had ruled on the issue and no appeal had been

taken and because restitution claims may not be raised in a postconviction proceeding. The district court granted the State's motion and dismissed the application for postconviction relief. We affirm.

## I. *Background and Factual Proceedings.*

In March of 1989, Earnest and a co-defendant were charged by trial information with four counts of burglary in the second degree and one count of possession of burglary tools. *See* Iowa Code §§ 713.1, 713.5, 713.7 (1989). Earnest was later charged as an habitual offender by amendment to the information. *Id.* § 902.8. On April 13, Earnest pleaded guilty to two charges of burglary in the second degree and to being an habitual offender. The guilty pleas were made pursuant to a plea agreement that included payment of restitution to victims and the dismissal of the remaining two counts of burglary. The court accepted Earnest's guilty pleas and set a date for sentencing.

On April 24, a "Statement of Pecuniary Damages to Victims of the Defendant" prepared by the county attorney was filed with the court. *See* Iowa Code § 910.3. A copy of the statement was provided to Earnest's counsel. The statement detailed losses of $945.18 to victims of crimes to which Earnest and his co-defendant had entered a plea of guilty, and losses of $5780.39 from other crimes admitted or not contested by the defendants. The total victim restitution due was shown as $6725.57.

On May 17, Earnest filed a motion in arrest of judgment challenging the voluntariness and the factual basis of the guilty plea. *See* Iowa R.Crim.P. 8(2)(d), 23(3). His attorney also filed a motion to withdraw as counsel. The court granted counsel's motion to withdraw and appointed new counsel for Earnest.

A hearing on the motion in arrest of judgment and sentencing was held on June 19. Prior to the hearing, Earnest's new counsel reviewed the transcript of the April plea proceeding and the court file, talked with the county attorney and Earnest's prior attorney, and talked to Earnest about the pending

motion in arrest of judgment. At the hearing Earnest withdrew his motion in arrest of judgment indicating that it lacked merit. The court then sentenced Earnest and ordered restitution in accordance with the statement of pecuniary damages. Although advised by the court of his right to appeal, no appeal was taken.

On March 30, 1990, Earnest wrote a letter to the court stating it was his understanding that restitution of $6725.57 was to be split between him and the co-defendant; otherwise the victims would receive double recovery. The court filed an order ruling that the victims were only entitled to one recovery, but that both defendants were jointly and severally liable for the full amount under the restitution order. No appeal was taken from this order.

Next, Earnest wrote a letter dated August 7, 1990, contesting the validity of and the amount of the restitution order. He requested that an attorney be appointed to represent him. In particular, Earnest asserted that he should not be required to make restitution on crimes to which he had not entered a guilty plea because this was contrary to the plea agreement. The district court treated the letter as a petition for a restitution hearing permitted under Iowa Code section 910.7, set the matter for hearing, and denied the request for counsel. After the hearing, with Earnest participating by telephone, the court ruled that it was without jurisdiction to modify the amount of restitution because the sentencing order had clearly established the amount of restitution. A copy of this order, dated October 15, 1990, was mailed to Earnest. No appeal was taken from this ruling.

On July 26, 1991, Earnest filed an application for postconviction relief pursuant to Iowa Code chapter 663A.[1] In his application, Earnest asserts that his plea was involuntary because his attorney failed to adequately inform him of the details and consequences of his guilty plea. He also claims that he was under the influence of drugs at the time of the plea proceeding. Earnest requested that the court modify the restitution order to

1. The Code Editors have transferred chapter 663A to chapter 822 in the 1993 Code of Iowa.

show only damages relating to the crimes to which he had entered a guilty plea.

The State filed a motion for summary judgment contending that Earnest's claims were either waived because they were not properly raised in a motion in arrest of judgment or on direct appeal, or that relief relating to restitution was not available in postconviction proceedings. *See* Iowa R.Crim.P. 8(2)(d), 23(3); Iowa Code § 663A.2(7). In resistance, Earnest argues that he was unable to file a timely appeal because he did not see a copy of the statement of pecuniary damages and did not learn of the amount of restitution until after the time allowed for appeal had run. This alleged error, he asserts, was due to ineffective assistance of counsel.

The court granted the State's motion for summary judgment on several grounds. First, the court found substantial evidence in the record that Earnest had full knowledge of the plea agreement and its consequences and thus consented voluntarily to its terms and conditions. Second, he had raised issues relating to restitution in two prior hearings and failed to appeal either adverse ruling. Finally, the court concluded that although Earnest couched his application in terms of ineffective assistance of counsel, the gist of his complaint relates to the amount of restitution ordered by the court. The court held that any alleged errors relating to restitution may not be raised in a postconviction proceeding. *See* Iowa Code § 663A.2(7). Earnest appealed.

■ Summary disposition of a postconviction relief application is not proper if a material issue of fact exists. *See* Iowa Code § 663A.6. Disposition under this provision is analogous to our summary judgment procedure provided in our rules of civil procedure. *Ridinger v. State,* 341 N.W.2d 734, 736 (Iowa 1983); Iowa R.Civ.P. 237–240.

## II. *Ineffective Assistance Claim.*

■ We initially note that Earnest failed to raise the issues of restitution or ineffective assistance of counsel on direct appeal. It is well settled that

postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously.

*Washington v. Scurr,* 304 N.W.2d 231, 234–35 (Iowa 1981); *see also Collins v. State,* 477 N.W.2d 374, 376–77 (Iowa 1991); Iowa Code § 663A.2.

Earnest, faced with the district court's holding that he failed to properly preserve error on his restitution claim, seeks to circumvent that ruling by contending that his counsel's ineffectiveness was sufficient reason for failing to properly raise the issue. Specifically, Earnest claims that he did not receive a copy of the statement of pecuniary damages and his attorney failed to properly advise him of the restitution amounts.

■ "When a claim of ineffective assistance of counsel is made, we have allowed an exception to the general rule of error preservation." *State v. Lucas,* 323 N.W.2d 228, 232 (Iowa 1982) (trial counsel cannot be expected to file a claim against himself or herself). Before we can excuse Earnest's failure to file a claim of ineffective assistance of counsel, however, we must find that an issue of material fact remains on his claim precluding summary disposition. *See Kyle v. State,* 322 N.W.2d 299, 302 (Iowa 1982).

We decline to reach the merits of Earnest's claim of ineffective assistance because he has failed to carry his burden of showing that a material factual issue exists with regard to his claim. The record of the plea and sentencing proceedings precludes a finding that Earnest was not fully informed and cognizant of the plea agreement. Earnest acknowledged that he fully understood the implications of his plea and that he was not under the influence of drugs or alcohol. At the plea proceeding, the State's counsel explained that the defendant "also agreed to make restitution on the Counts that will be dismissed and all other charges of burglaries that were committed and that he and the co-defendant confessed to." Earnest indicated his consent to this agreement. Although his

original counsel filed a motion in arrest of judgment following the plea, Earnest withdrew the motion at the sentencing hearing indicating that it was factually unfounded and lacked merit.

Additionally, when asked by the court at the sentencing hearing if he had reviewed the presentence report, Earnest stated that he had reviewed the report with his attorney. Attached to the report was a copy of the statement of pecuniary damages filed in April by the county attorney. Before completing the sentencing hearing, the court specifically discussed the issue of restitution with Earnest and he again indicated his consent. The court then ordered restitution according to the statement of pecuniary damages.

■ We conclude that regardless of whether Earnest knew the exact dollar amounts of the restitution at the time of his plea, he was clearly informed of and agreed to the restitution provisions of the plea agreement. We find no material issue of fact concerning Earnest's claim of ineffective assistance during his plea and sentencing proceedings. Earnest's

> present appeal is no more than an attempt to use postconviction relief to circumvent the statutory requirement and remedy of [criminal procedure] rules 8(2)(d) and 23(3)(a) to file a motion in arrest of judgment to challenge the adequacy of the guilty plea.

*Wenman v. State,* 327 N.W.2d 216, 217–18 (Iowa 1982). Here, his attempt to use postconviction relief as a substitute for a motion challenging the plea or direct appeal from the sentencing order itself violates section 663A.8. *Id.* at 218; Iowa Code § 663A.2.

### III.  *Restitution Claim.*

Earnest's second letter to the court challenged the court's authority to require payment of restitution for crimes to which he did not plead guilty. Restitution is purely a creature of statute in Iowa. *See* Iowa Code ch. 910. Section 910.2 requires payment of restitution to victims of the defendant's criminal activities in all criminal cases where guilt is established except simple misdemeanors under chapter 321.

> Criminal activities means any crime for which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered and any other crime ... which is admitted or not contested by the offender, whether or not prosecuted.

*Id.* § 910.1(3).

■ We have held that a restitution order need not be limited to the parameters of the offense to which the defendant enters a guilty plea. *State v. Holmberg,* 449 N.W.2d 376, 377 (Iowa 1989). To order restitution there must be a causal connection between the established criminal act and the damages to the victim. *Id.; see also State v. Wagner,* 484 N.W.2d 212, 216 (Iowa App.1992). Here, the record shows that Earnest either admitted or failed to contest restitution on the other criminal charges.

Following his sentencing, Earnest filed two separate complaints concerning restitution. A hearing was held on the second complaint. No appeal was taken. Earnest has not shown a sufficient reason for his failure. to raise the restitution issue on direct appeal. He cannot now take a second appeal under the guise of postconviction relief.

■ Moreover, section 663A.2(7) provides in part that a

> conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error formerly available under any common law, statutory or other writ, motion, petition, proceeding, or remedy, *except alleged error relating to restitution,* court costs, or fees under section 246.702 or chapter 815 or 910.

(Emphasis added.) We hold that this subsection unambiguously excludes claims relating to restitution in postconviction proceedings. Any alleged errors relating to restitution must be resolved on direct appeal or in a chapter 910 proceeding. *See* Iowa Code § 910.7. Section 910.7 provides a defendant an avenue to challenge a restitution order if the time for appeal from the original sentence has expired. *State v. Janz,* 358 N.W.2d 547, 549 (Iowa 1984). Earnest was

granted a section 910.7 hearing, but he took no appeal from the ruling.

We have considered all issues presented on appeal and conclude that summary disposition of the application for postconviction relief was properly granted.

**AFFIRMED.**