**STATE of Iowa, Appellee,**

v.

**Howard Andrew BREWER, Appellant.**

No. 95–0441.

Court of Appeals of Iowa.

Feb. 28, 1996.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and R. Andrew Humphrey, Assistant Attorney General, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

At issue is whether the appellant, Howard Brewer, was entitled to a hearing regarding his objections to a restitution plan of the State of Iowa Department of Corrections ("Department"). We reverse and remand.

Howard Brewer was found guilty of second-degree robbery and sentenced to a ten-year prison term. He was subsequently ordered to pay court costs and make restitution for $4292.12 in court-appointed attorney fees. The Department implemented a restitution plan pursuant to chapter 910 of the Iowa Code.

On July 14, 1994, Brewer filed two requests for a chapter 910 hearing. In one request he challenged the assessment of attorney fees. He claimed it was unconstitutional for the restitution plan to assess attorney's fees to him when he had been determined to be indigent and entitled to court-appointed counsel. In his

other request Brewer sought a section 910.7 hearing for the purpose of challenging the lawfulness of imposing a restitution assessment against gifts he received from sources outside of the prison.

On November 10, 1994, Brewer filed a motion for summary judgment with respect to his claim that restitution was being improperly withdrawn from funds he received from outside sources. In his supporting brief and memorandum of law, Brewer specifically claimed a due process right to a hearing and opportunity to be heard prior to the application of his funds toward the payment of his restitution obligation.

The State filed a motion for an extension and stay pending resolution of a similar case by the Iowa supreme court. A decision in that case, *Walters v. Grossheim*, 525 N.W.2d 830 (Iowa 1994), was filed on December 21, 1994. In *Walters*, the court held "a departmental or institutional policy that purports to take an inmate's private resources cannot be implemented without first granting the inmate an opportunity to protect his or her interest from unreasonable deprivation." *Walters*, 525 N.W.2d at 832.

In January 1995 the district court sustained Brewer's motion for summary judgment and dismissed the case. A subsequent order clarified the chapter 910 matters were dismissed but the case was not. Brewer filed a motion for reconsideration. In ruling on this motion, the district court denied the motion for summary judgment, entered judgment against Brewer on the chapter 910 proceedings, and dismissed the proceedings.

Brewer appeals. He contends the district court erred in failing to grant him a chapter 910 hearing on his claim that, as an indigent person, he should not be required to pay the fees of a court-appointed attorney. He further argues the district court prevented him "from showing the court what he could reasonably pay toward his court costs and attorney fees."

■ Contrary to the assertion in the State's brief, our scope of review is not that of an appellate review of a postconviction proceeding. Section 822.2(7) of the Iowa Code specifically excludes actions involving "alleged error relating to restitution" from postconviction actions. Our supreme court previously held any alleged errors relating to restitution must be resolved on direct appeal or in a chapter 910 proceeding, not through postconviction proceedings. *Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993). We review restitution orders for errors of law. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

■ Most of the arguments raised by Brewer's motions are without merit. An inmate's funds from outside sources are subject to deductions for restitution purposes. *State v. Van Hoff*, 528 N.W.2d 99, 100 (Iowa 1995). Brewer is incorrect in claiming his status as an indigent criminal defendant made it unconstitutional to assess the amount of his court-appointed attorney fees as restitution. The Iowa supreme court has determined chapter 910 does not violate per se the right to counsel guaranteed by the Iowa and United States Constitutions. *State v. Haines*, 360 N.W.2d 791, 794 (Iowa 1985). This is because the statute only authorizes the court to order an offender to make restitution of court costs and court-appointed attorney fees to the extent the offender is reasonably able to do so. *Id.*

■ The only meritorious argument raised by Brewer's motions is the contention he is entitled to an opportunity to be heard prior to the withdrawal of funds from his inmate account. In *Walters v. Grossheim*, 525 N.W.2d 830, 831 (Iowa 1994), the supreme court found an inmate's money in prison accounts is protected property under the Constitution. Given this protected property interest, an inmate cannot be deprived of these funds without due process. *Id.* at 832.

■ An inmate is entitled to a predeprivation hearing which need not be more than an informal, nonadversarial review of his or her written objections to the proposed withdrawal of funds. *Id.* at 833. To comport with due process, prison officials must merely (1) notify prisoners of the proposed amendment to their restitution plans including assessments against outside sources, (2) permit time for objection to the proposed amendment, and

(3) consider the objections for formulating an individualized plan for the future. *Id.*

We reverse the district court's dismissal of Brewer's requests for a hearing and remand for predeprivation procedures consistent with *Walters.*

**REVERSED AND REMANDED.**