# IN THE COURT OF APPEALS OF IOWA

No. 15-1194
Filed April 6, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL DAVID WILLIAMS,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


Michael Williams appeals the restitution order imposed by the court after his conviction for attempted burglary. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Michael Williams appeals the restitution order imposed after his conviction for attempted burglary. He claims substantial evidence does not support the district court's order. Since the items in the restitution order are causally related to the criminal activities for which Williams pled guilty, we find substantial evidence supports the district court's restitution order and affirm.

In October 2014, after approximately two months away, Lainie Peterson and Mark Wendhausen arrived home to find two televisions and other items missing. After an investigation, the police learned Williams had sold at least one of the televisions and admitted to the buyer he had broken into the victim's house.

On March 16, 2015, Williams was charged with burglary in the third degree in violation of Iowa Code sections 713.1 and 713.6A (2015). Pursuant to an agreement, Williams entered a guilty plea to the lesser-included offense of attempted burglary in the third degree, in violation of Iowa Code section 713.6B. The plea did not specifically list the stolen property, though Williams agreed to a sentence requiring him to pay "restitution (if any)." The court accepted the plea and sentenced Williams to a suspended sentence and probation and gave the State thirty days to file a statement of pecuniary damages for restitution. The State filed the statement of pecuniary damages, listing the two televisions and other items missing from the house. The amount of restitution totaled $3080.85. Williams objected to the restitution plan, and the matter was set for hearing.

Peterson and Wendhausen both testified at the restitution hearing concerning the value of the stolen items, their lost wages from attending the

hearing, and the amount of time spent fixing a broken door. Williams's counsel cross-examined both individuals on the replacement costs of the stolen items. Williams testified he took the two televisions, but nothing else, from the house. He noted his then-girlfriend accompanied him, but she did not take any of the items. Williams's counsel echoed this sentiment, arguing:

> In terms of the statement of pecuniary damages, I would object to any of the items that aren't the televisions because the State has not proved a causal connection between those items and [the defendant]'s conduct. [The defendant] pleaded guilty to burglarizing the two televisions and not the other items, and I think that it's important to note that as these witnesses testified, that they only reported to the police initially these two televisions that were missing.

The court found Williams was responsible for all the missing items, reasoning:

> Well, concerning whether or not Mr. Williams is responsible for all the items listed on the statement of pecuniary damages, I find that he and Ms. Pettit are. I suppose there's a remote possibility that two separate people burglarized the . . . house, but I think that's a pretty remote possibility. I think that Mr. Williams and Ms. Pettit took all of the items listed on the statement of pecuniary damages.

The court ordered restitution totaling $3402.08 to reflect the amount of the stolen items. The court declined to order restitution for lost wages or the door repair as those sums had not been included in the statement of pecuniary damages. Subsequently, the State filed a supplementary report containing those items. The court approved the supplementary report and increased Peterson's restitution by $117.19 and Wendhausen's by $160.74.

Williams now appeals.

We review restitution orders for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order we

determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (internal quotation marks omitted). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001) (citation omitted).

Iowa criminal defendants who plead guilty or who are found guilty are required to make restitution "to the victims of the offender's criminal activities." Iowa Code § 910.2. To determine if restitution is required in any given case, the district court must first identify the victim(s) of the defendant's criminal conduct. *Bonstetter*, 637 N.W.2d at 165. A victim is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5). Pecuniary damages are damages a victim could recover from the defendant in a civil action. *Id.* § 910.1(3). Next, the district court must determine what losses may be included in the calculation of restitution. *Bonstetter*, 637 N.W.2d at 165. A restitution order may include "any damages that are causally related to criminal activities," and the "order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act." *Id.* The amount of restitution is not limited by the parameters of the offense for which the defendant enters a guilty plea. *Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993).

Williams claims the district court erred because substantial evidence does not support ordering him to pay restitution for damages not connected to his conviction. Williams admitted he took the two televisions, but he denied taking the other items listed in the restitution order. He noted there was a possibility another actor broke into the residence and took the other items. The district

court found this testimony lacked credibility. *See State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000) ("Determinations of credibility are in most instances left for the trier of fact, who is in a better position to evaluate it."). We agree with the district court there is sufficient evidence to draw the conclusion Williams removed all of the items listed in the restitution order from the house—those items are "causally related to the criminal activities" for which Williams pled guilty. *See Bonstetter*, 637 N.W.2d at 165; *see e.g.*, *State v. Watt*, 587 N.W.2d 750, 751–52 (Iowa 1998) ("[A]n award of damages may still stand so long as the figure has a reasonable basis and is not speculative, possible or imaginary, particularly where the conduct of the wrongdoers has rendered it difficult to ascertain the damages suffered with the precision otherwise possible." (citation omitted)).

We affirm the district court's restitution order.

**AFFIRMED.**