# IN THE COURT OF APPEALS OF IOWA

No. 14-1343
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE HERING,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Muscatine County, Mark J. Smith, Judge.


Defendant appeals the district court order denying his challenges to a restitution order. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Defendant David Hering appeals the district court order denying his challenges to a restitution order. We affirm the part of the district court's ruling finding the restitution order requiring Hering to pay $150,000 to the victim's estate had been satisfied through the payment of the judgment in a civil action. We reverse the district court and remand for an order eliminating the requirement Hering reimburse the Crime Victim Compensation Program $27,409.84. Additionally, we conclude there is not an adequate record to address Hering's claim he was denied due process because the Iowa Department of Corrections withdrew money from his inmate account without notice.

## I.     Background Facts & Proceedings

In 2004, Hering was convicted of first-degree murder and two counts of attempted murder. Hering shot his wife, Lisa Hering, and fired at two officers who were responding to the incident. An order of restitution was filed on July 9, 2004, which ordered Hering to pay restitution of $150,000 to the estate of Lisa and $27,409.84 to the Crime Victim Compensation Program.[1]

On April 8, 2014, Hering filed a petition for a restitution hearing. He claimed (1) the State had waived the restitution owed to the Crime Victim Compensation Program, so he no longer owed $27,409.84; (2) Lisa's estate obtained a judgment against him for $949,526.50 in a civil action, and the restitution order for $150,000 should be deducted from that amount; and (3) the

---

[1]   A statement from the Crime Victim Compensation Program shows it was seeking reimbursement of $7500 for funeral expenses, $6000 for lost wages, $8000 for loss of support for dependents, and $5909.84 for homicide-survivor counseling.

State withheld his money from loans and other outside sources without due process. He stated his financial affairs were handled by a conservator.

After a hearing,[2] the district court determined the restitution order requiring Hering to pay $150,000 to Lisa's estate had been satisfied through the payment of the judgment in the civil action. We affirm this portion of the district court's ruling. The court found there was nothing in the record to show the restitution to the Crime Victim Compensation Program had been waived or satisfied.

Hering filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The court found the Crime Victim Compensation Program had not waived its request for restitution in the criminal proceeding. The court declined to rule on the other issues. Hering appealed.

## II. Standard of Review

Restitution orders are reviewed for the correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). On constitutional issues, our review is de novo. *Id.*

## III. Discussion

A. On October 6, 2003, in a separate civil proceeding, the district court entered an order finding Hering was in jail and it was in his best interests to have a conservator appointed during the pendency of his incarceration. An order was filed on November 7, 2007, in the conservatorship proceeding providing:

> Upon request of State of Iowa, the claim against the conservatorship payable to the Crime Victim Compensation Division is waived. Neither the conservatorship or the Estate of Lisa Hering shall be liable for this claim. This order does not affect

---

[2] There is no transcript of the hearing.

the restitution judgment in State v. David Hering, FECR027417, and the same continues to be a judgment against David Hering.

Hering asserts the waiver of the restitution claim against the conservatorship should operate as a waiver of the claim against him because the conservatorship held all of his assets.

The State points out Iowa Code section 910.8 (2013) provides, "[A]ny restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event." This set-off provision "disposes of any concerns that a victim will receive double recovery in a civil suit for damages sustained as a result of a defendant's criminal conduct." *Teggatz v. Ringleb*, 610 N.W.2d 527, 532 (Iowa 2000).

The State concedes the district court decision should be reversed on this issue based on section 910.8. Therefore, we reverse the district court and remand for an order eliminating the requirement Hering pay restitution of $27,409.84 to the Crime Victim Compensation Program.

**B.** Hering also claims he was denied due process because the Iowa Department of Corrections withdrew money from his inmate account, which he received from gratuities and loans, without giving him notice. The district court did not rule on this issue, stating, "The Court declines to rule on the Iowa Department of Correction's deducting restitution from Defendant Hering's inmate account. This is an administrative matter outside the scope of the area of restitution ordered to be paid by the Defendant."

"An inmate's funds from outside sources are subject to deductions for restitution purposes." *State v. Brewer*, 547 N.W.2d 15, 16 (Iowa Ct. App. 1996).

In order to comport with due process, prison officials must notify prisoners of a proposed amendment to the restitution plan, permit time for objection to the proposed amendment, and consider the objections in a pre-deprivation hearing. *Walters v. Grossheim*, 525 N.W.2d 830, 833 (Iowa 1994).

The State contends, and we agree, the record is insufficient for us to determine whether there has been a due process violation. Hering did not provide an inmate account statement, therefore it is unknown whether he received outside money or whether the Iowa Department of Corrections took money from his inmate account without giving him notice. "[A] defendant claiming error has an obligation to provide the court with a record that discloses the error claimed." *State v. Ruiz*, 496 N.W.2d 789, 791 (Iowa Ct. App. 1992). Because there is insufficient evidence on this issue, we determine Hering has not shown there was a due process violation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.