# IN THE COURT OF APPEALS OF IOWA

No. 24-0716
Filed August 6, 2025

**GUSTAF ROY CARLSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Adria Kester, Judge.


Gustaf Carlson appeals the dismissal of his application for postconviction relief. **AFFIRMED.**


James S. Blackburn, Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


Considered without oral argument by Greer, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

In 2023, the State charged Gustaf Carlson with possession of a controlled substance with intent to deliver (methamphetamine), second offense, which was enhanced as a habitual offender. Carlson waived his right to counsel and represented himself in those proceedings.[1] He pled guilty as charged, and the district court informed him of the necessity to file a motion in arrest of judgment to challenge any component of his plea prior to sentencing. *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Carlson waived that right by requesting immediate sentencing. Months after sentencing, Carlson filed an affidavit claiming he acted under duress when he pled guilty; the district court took no responsive action. He did not file an appeal.

Carlson then initiated this postconviction-relief (PCR) action, which the State moved to dismiss. Following a hearing, the PCR court granted the State's motion and dismissed Carlson's PCR application. Carlson now appeals, arguing his guilty plea was not voluntary because he pled guilty under duress.[2]

The problem for Carlson is that Iowa Code section 822.2(2) (2023) makes clear that PCR proceedings are "not a substitute for . . . direct review of the sentence or conviction" in the underlying criminal case. And section 822.8 explains that "[a]ny ground . . . not raised . . . in the proceeding that resulted in the

---

[1] The district court appointed Carlson standby counsel.
[2] We review PCR proceedings for correction of legal error. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). To the extent "the basis for relief implicates a violation of constitutional dimension, our review is de novo." *Id.*

conviction or sentence . . . may not be the basis" for a PCR action "unless the court finds . . . sufficient reason [it] was not asserted."[3]  *Accord Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998).  Carlson had the opportunity to raise his challenge to the voluntariness of his plea by filing a motion in arrest of judgment.  *See Jackson*, 2022 WL 951191, at *2.  He chose instead to waive that right by requesting immediate sentencing and did not file a direct appeal.  Therefore the opportunity for Carlson to challenge the voluntariness of his guilty plea has passed, and he cannot raise the claim on PCR.  *See Wenman v. State*, 327 N.W.2d 216, 217–18 (Iowa 1982); *see also Jackson*, 2022 WL 951191, at *1–2.

We affirm the PCR court's dismissal of Carlson's PCR application.

**AFFIRMED.**

---

[3] Often PCR applicants argue the failure to raise a claim in the underlying criminal proceedings was the result of ineffective assistance of counsel.  *See Jackson v. State*, No. 21-0140, 2022 WL 951191, at *2 n.2 (Iowa Ct. App. Mar. 30, 2022).  But because Carlson represented himself, he cannot now claim ineffective assistance of counsel.  *See State v. Hutchinson*, 341 N.W.2d 33, 42 (Iowa 1983) ("[T]he defendant cannot knowingly and intelligently make an election to proceed pro se and then . . . claim[] ineffective assistance of counsel.").