**STATE of Iowa, Plaintiff–Appellee,**

v.

**Robin Lynn TUTOR, Defendant–Appellant.**

No. 94–1126.

Court of Appeals of Iowa.

Aug. 17, 1995.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and HABHAB, and CADY, JJ.

CADY, Judge.

This appeal requires us to determine if the sentencing court properly set the amount of victim restitution to be paid by the defendant in a welfare fraud case. We reverse the sentencing court and remand for further hearing on restitution.

From August 1987 through April 1992, Robin Tutor obtained public assistance in the form of aid to dependent children payments (ADC), food stamps, and Title XIX medical benefits for herself and two of her children, Samantha and Ryan. Prior to receiving the benefits, and again shortly after Ryan was born, Robin signed and submitted affidavits to the State Department of Human Resources stating she did not know the identity of the father of the children.

The affidavits submitted by Robin were false. The father of the children was Michael Lee Conner, and Robin knew he was the children's father prior to their births. Conner was a police officer for the city of Eldridge, Iowa. He died April 2, 1992. Robin acknowledged Conner was the children's father in seeking social security survivor benefits for the children following his death.

Robin was charged with two counts of fraudulent practice in the first degree. The separate counts were based on the false affidavits submitted on each child. An investigation by the State concluded that Robin received unentitled benefits totalling $72,748.97 during the five year period.

Robin subsequently agreed to plead guilty to one count of the charges in exchange for the dismissal of the remaining count. The written plea agreement also obligated Robin

to "make full victim restitution with regard to overpayments for both children."

At the hearing on the guilty plea, Robin acknowledged she received in excess of $10,000, the threshold amount for fraudulent practice in the first degree, of unentitled benefits as a result of her false affidavits. She denied, however, that these unentitled benefits equalled the amount claimed by the State.

At the sentencing hearing, Robin again denied the unentitled benefit amount of $72,748.97, and requested a restitution hearing. Robin informed the sentencing court that her two children would have been eligible for the benefits even if she had correctly identified Conner as their father at the time she applied for the benefits.[1] Thus, Robin asserted she could only be responsible for the amounts paid on behalf of the children which the State would have recovered from Conner in an action for reimbursement had they known his identity.

At the restitution hearing, the State submitted evidence of ADC overpayments and Title XIX overpayments as follows:

| | |
|---|---|
| ADC | $16,253.00 |
| Robin Title XIX | 13,353.60 |
| Samantha Title XIX | 6,903.65 |
| Ryan Title XIX | 36,238.72 |
| Total | $72,748.97 |

The Title XIX amounts represented the total medical benefits provided during the five-year period. The medical benefits attributed to Ryan were largely the result of his treatment for liver cancer.

The State acknowledged that the only false information they know Robin gave them in obtaining benefits was the identity of the father. Robin introduced the department's policy manual at the restitution hearing which instructed that only the mother becomes ineligible for benefits when she fails to cooperate in establishing paternity, but the children remain eligible for benefits. Notwithstanding, an investigator for the State testified that they lost the opportunity to seek an unknown amount of reimbursement from Conner for the ADC and medical benefits provided for the children because of the false information provided by Robin.

The district court determined Robin was responsible for the entire amount of $72,748.97, but did not address the impact of the children's independent entitlement to benefits or the consequence of the inability of the State to seek reimbursement from the father. Instead, the court held that the terms of the plea agreement bound Robin to pay the full amount.

On appeal, Robin asserts the district court erred in establishing the restitution amount based on the language of the plea agreement. She also argues that the amount was excessive and the district court abused its discretion in setting the amount at $72,748.97.

Restitution is authorized only by statute. *State v. Wagner*, 484 N.W.2d 212, 215 (Iowa App.1992). It is a mandatory part of sentencing in Iowa and is defined in fairly broad terms. *Id.* Iowa Code § 910.1(3) (1993). Restitution includes damages sustained by the victim of a crime which, with some exceptions, would be recoverable against the offender in a civil action. Iowa Code § 910.2. Consequently, in each instance, a causal connection must exist between the criminal act and the injury to the victim. *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989).

Although a restitution order is mandatory, the trial court has discretion to determine the amount. A defendant who seeks to overturn or modify a restitution order must show a failure by the trial court to exercise its discretion or an abuse of discretion. *Wagner*, 484 N.W.2d at 216. A trial court abuses its discretion and exceeds its statutory authority when it orders restitution for losses not causally related to the offense

---

1. *See* Iowa Code § 239.5(6) (1993). The child support recovery unit must be notified when assistance is provided to a child whose parent is absent from the home. Furthermore, an applicant for assistance must cooperate in identifying and locating the parent of the child as a condition of eligibility. *Id.* "If a specified relative with whom a child is residing is found to be ineligible for assistance because of failure to comply with the cooperation requirements ..., assistance, determined without regard to the needs of the specified relative, shall be provided ... for the child." *Id.*

committed. *See State v. Vinyard,* 50 Wash. App. 888, 751 P.2d 339, 341 (1988).

■ In this case, we conclude the trial court abused its discretion by finding the plea agreement controlled the restitution amount. The plea agreement did not establish an agreed amount of restitution, but only obligated Robin to pay the full amount of the "overpayment." Robin's position throughout the proceedings was that the benefits to the children did not constitute an "overpayment" because they would have been provided by the State even if she had not submitted the false paternity affidavits. Moreover, if Robin and the prosecutor had intended the plea agreement to establish the actual amount of restitution, they could have easily incorporated the specific amount claimed by the State. Robin and the State obviously entered into the plea agreement understanding that the court would ultimately determine the amount of overpayment if the parties were unable to resolve the matter.

■ Notwithstanding, the State argues that the trial court did not abuse its discretion because Robin failed to submit evidence at the restitution hearing which would have permitted the court to determine the amount Conner could have paid in reimbursement had his identity been disclosed. It is the burden of the State, however, not the defendant, to prove the amount of damages causally connected to the criminal act. *See Wagner,* 484 N.W.2d at 216, 217.

We conclude the trial court erred in finding the plea agreement established the amount of restitution and, consequently, failed to properly exercise its discretion in determining the amount of pecuniary damages causally connected to the fraudulent act committed by Robin. Accordingly, we must reverse the decision of the trial court and remand for further hearing on the amount of restitution. It is unnecessary to address the remaining claims raised by Robin. We do not retain jurisdiction.

**REVERSED AND REMANDED.**