James G. DEMERS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7916.

Court of Appeals of Alaska.

Feb. 8, 2002.

James E. Curtain, Juneau, for Appellant.

David Brower, Assistant District Attorney, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

From 1994 until 1999, James G. Demers served as treasurer of the Juneau-based Alaska Folk Festival, a non-profit organization. After Demers resigned his position, the new treasurer discovered discrepancies in the Festival's business records. More than $13,000 was unaccounted for in over forty transactions spanning more than four years. After the police investigated, the State filed an information charging Demers with one count each of second-degree theft and falsifying business records.[1]

Demers waived indictment by the grand jury and pleaded no contest to the charges. Superior Court Judge Patricia A. Collins imposed 2 years with 18 months suspended on each count and ran the sentences concurrently. At sentencing, Judge Collins ordered Demers to pay restitution of up to $24,000 (with credit for the $7,743.14 he paid before sentencing) as a condition of probation subject to input from Demers after he had reviewed the Festival's records.

Ultimately, Judge Collins amended the judgment to provide as a condition of probation that Demers pay restitution to the Festival in the total sum of $16,283.17. Included in this sum was $5,400 for the Festival's "accounting costs." In this appeal, Demers challenges only the $5,400 awarded for accounting costs. Those costs included $400 paid to the Festival's accountants for reviewing the Festival's books after the embezzlely.

---

1. AS 11.46.130(a)(1) & AS 11.46.630, respective-

ment was discovered and $5,000 for 200 hours of volunteer work performed by two of the Festival's board members who audited and reconstructed the Festival's business records.

For the reasons expressed below, we affirm the award of $400 as reimbursement to the Festival's accountants. However, we vacate the condition of probation that orders $5,000 restitution for the volunteer time expended by the Board members.

*Discussion*

Title 12 of the Alaska Statutes authorizes courts to award restitution both as a component of the sentence and as a term of probation. Alaska Statute 12.55.045(a)(2) provides that when contemplating an order of restitution, the court should consider the "financial burden placed on the victim . . . as a result of the criminal conduct of the defendant." The legislature intended that courts should construe AS 12.55.045(a) broadly by ordering restitution to all persons who were injured as a result of a defendant's conduct.[2] Alaska Statute 12.55.100(a)(2) provides, in part, that a court may order a defendant to make restitution or reparation to a victim "for actual damages or loss caused by the crime" as a condition of probation.

Clearly, Demers injured the Festival, and the Festival incurred a loss as a result of Demers's theft and falsification. Judge Collins considered the evidence that, in addition to the stolen funds, the Festival incurred other expenses. For example, the State presented evidence that the Festival incurred a $400 expense for accounting services. This evidence supports the court's probation condition ordering restitution of $400 for the accounting services.

A Festival board member also testified that board members volunteered 200 hours of work auditing and reconstructing Festival records. The member valued the volunteer effort at $25 per hour for purposes of seeking restitution.

Judge Collins ordered $5,000 of restitution for accounting services based on the testimony regarding the volunteer efforts of Festival board members. She reasoned that restitution was appropriate because, if she did not order the restitution, Demers would benefit since the Festival "is too poor to afford the costs of a more expensive, but necessary, audit." Judge Collins recognized this was a close issue but reasoned that this amount of restitution was appropriate because a commercial enterprise would have incurred a monetary cost that, in this case, was met by volunteer efforts.

But the Festival did not expend any money nor receive an invoice for this volunteer effort. Although the Festival was injured as a result of Demers's crimes, it did not incur any monetary damage or loss when the Festival's board members volunteered their time and effort to audit and reconstruct the Festival's business records.

Obviously, the legislature intended to provide the courts with the authority to order defendants to compensate their victims. But AS 12.55.100(a)(2) grants a sentencing court the power to impose restitution as a probation condition when a victim suffers "actual damages or loss."

We conclude that the legislature did not provide a sentencing court with the power to order restitution to a victim who was injured but who did not sustain actual damages or loss because the injury was cured by volunteer efforts. Accordingly, we vacate that portion of the court's probation conditions which ordered $5,000 restitution for the volunteer work performed by the board members.

*Conclusion*

The judgment of the superior court is AFFIRMED in part and VACATED in part.

---

**2.** In the Alaska Session Laws, Ch. 71, SLA 1992, the legislature announced the purpose of AS 12.55.045(a):

Section 1. PURPOSE. It is the purpose of this Act . . . to make full restitution available to all persons who have been injured as a result of criminal behavior, to the greatest extent possible, by

. . .

(3) allowing courts to order that restitution be made to all persons who have suffered a loss as a result of a defendant's conduct[.]

MANNHEIMER, J., concurring.

COATS, Chief Judge, dissenting.

MANNHEIMER, Judge, concurring.

Demers embezzled money from the Alaska Folk Festival and, as part of his sentence, he was ordered to pay restitution to the Folk Festival for the money he stole. The question in this case is whether the sentencing court was authorized to order Demers to pay an additional $5000 in restitution to the Folk Festival for the value of labor donated by two of its board members who volunteered their time to reconstruct the Folk Festival's financial records, thus allowing the Folk Festival to ascertain the amount of Demers's embezzlement.

A court's sentencing powers are defined by the legislature.[1] The statutes at issue in this case are AS 12.55.045(a) (which authorizes a court to order restitution as a direct component of a sentence) and AS 12.55.100(a)(2) (which authorizes a court to order restitution as a condition of probation).[2] The question is whether the Alaska Legislature intended these statutes to authorize a sentencing court to order a defendant to reimburse a victim for the value of unpaid labor volunteered by other people who wish to assist the victim in coping with the crime.

The aim of restitution is to restore victims to their financial condition before the crime. The problem in the present case is that the superior court has ordered "restitution" that makes the Folk Festival $5000 richer than it was before. Demers has been ordered (1) to repay the money he stole and (2) to pay $5000 for the labor donated by the two board members—labor that the Folk Festival did not have to pay for. Thus, if Demers satisfies both parts of the superior court's restitution order, the Folk Festival will end up with $5000 more than it possessed before Demers committed his theft.

If the Folk Festival had been insured against embezzlement, and if the insurance company had paid for an audit, no sentencing judge would order the defendant to "reimburse" the Folk Festival for the money spent by the insurance company. Similarly, if the insurance company had sent its own employees to reconstruct the Folk Festival's records to ascertain the amount of the theft, no sentencing judge would order the defendant to "reimburse" the Folk Festival for the labor performed by the insurance company's employees. The Folk Festival did not pay for this labor; it merely received the benefit of this labor. Ordering the defendant to pay "restitution" to the Folk Festival for the hours of work performed by the insurance company employees would result in the unjust enrichment of the Folk Festival.

The facts of the present case offer another example of the same situation. Two Folk Festival board members reconstructed the Folk Festival's records. The two board members were not employees of the Folk Festival, and they did not charge the Folk Festival for their time. The Folk Festival received the benefit of their labor but incurred no expense. Under these circumstances, the Folk Festival received a windfall when the superior court ordered Demers to "reimburse" the Folk Festival for the hours of labor donated by the two board members.

If anyone deserves to be compensated for the board members' labor, it is the board members themselves. Arguably, the superior court might simply amend its judgement and name the two board members as the recipients of the restitution. But I conclude that the legislature has not authorized sentencing courts to impose this type of restitution.

AS 12.55.045(a) declares that a sentencing court may order a defendant to pay restitution to three categories of people: (1) "to the victim", (2) to "[any] other person injured by the offense", and (3) "to a public; private, or private nonprofit organization that has provided or ... will be providing counseling, medical, or shelter services to the victim or

---

1. *See R.I. v. State*, 894 P.2d 683, 685 (Alaska App.1995).

2. Shortly after Demers committed his crime, the legislature amended AS 12.55.045 so that any duty of restitution imposed as a direct component of the defendant's sentence automatically becomes a condition of the defendant's probation. *See* AS 12.55.045(i), enacted in SLA 2000, ch. 103, § 4.

[any] other person injured by the offense". The Folk Festival board members are not themselves the victims of Demers's embezzlement, nor are they "a public, private, or private nonprofit organization that has provided or ... will be providing counseling, medical, or shelter services to the victim or [any] other person injured by the offense". So if the board members are to be deemed proper recipients of restitution, they must qualify as "other person[s] injured by the offense".

The only sense in which the two board members were "injured" by Demers's crime is that they felt duty-bound to conserve the limited financial resources of the Folk Festival by devoting their own time and energy to the reconstruction of the Folk Festival's financial records. And, indeed, this is the "injury" that the sentencing judge ordered Demers to reimburse. But I conclude that the legislature did not intend the phrase "injured by the offense" to be interpreted in so broad a fashion.

AS 12.55.045(a) must be interpreted in light of its companion provision, AS 12.55.100(a)(2), the statute which authorizes a sentencing court to impose restitution as a condition of probation. AS 12.55.100(a)(2) declares that a sentencing court can order a probationer to "make restitution or reparation to aggrieved parties *for actual damages or loss* caused by the [probationer's] crime". Because AS 12.55.045(a) and AS 12.55.100(a) appear to be designed to give sentencing courts two different methods of achieving the same goal, they should be construed *in pari materia*. That is, we should presume that the legislature intended the phrase "person[s] injured by the offense" to mean the same thing as the phrase "aggrieved parties [who have suffered] actual damages or loss".

One could argue that volunteers who come to the aid of a victim, and who thereby spare the victim identifiable and measurable financial expense, should be compensated for their time and trouble. Indeed, if I were writing on a clean slate, free to adopt whatever rule I thought best, there is much to commend the position taken by Judge Collins (the sentencing judge) and by my dissenting colleague, Judge Coats. But I conclude that such an interpretation of AS 12.55 .045(a) and AS 12.55.100(a) would expand restitution beyond the scope envisioned by the legislature. It would seemingly authorize a sentencing judge to order a defendant to pay restitution at an hourly rate to relatives, friends, and neighbors of a crime victim who spend time consoling the victim, or who help clean up the victim's house after a burglary or an assault, or who do the shopping or cooking for a victim who is too distraught to attend to these tasks.

Based on the wording of AS 12.55.045(a) and AS 12.55.100(a), I conclude that our legislature did not intend to authorize a sentencing court to order a defendant to reimburse people who volunteer their labor to alleviate or mitigate the effects of the defendant's crime. Accordingly, I join Judge Stewart in reversing the award of $5000 restitution for the labor of the two Folk Festival board members.

COATS, Chief Judge, dissenting.

In a detailed order, Judge Collins made several factual findings to support her restitution award, and Demers does not contest these findings. Judge Collins found that the $5,000 restitution award was to reimburse the Folk Festival for the efforts of two of its board members to audit and reconstruct the financial records. The audit was required to reconstruct the books after Demers's theft. The audit would have been unnecessary but for the theft. Had the Folk Festival hired accountants to audit the books and reconstruct the records, it would have been far more expensive for the board. By conducting the audit with volunteers, the Folk Festival saved itself (and Demers if he pays the restitution award) a substantial amount of money. Judge Collins reasoned that if the Folk Festival could recover restitution for money it paid to accountants to conduct an audit, it was reasonable to allow it to recover for the value of the time spent by the volunteers. Judge Collins's reasoning appears to me to be sound.

Alaska Statute 12.55.045 and AS 12.55.100 authorize a sentencing court to make restitution awards, either as part of the defendant's sentence or as a condition of probation. The

Alaska legislature clearly intended courts to construe AS 12.55.045 and AS 12.55.100 broadly to allow courts to order restitution to all persons injured by the defendant's conduct.[1] Alaska Statute 12.55.045 directs a sentencing court that orders restitution to take into account the "public policy that favors requiring criminals to compensate for damages and injury to their victims."[2] One of the purposes of AS 12.55.045(a) is "to make full restitution available to all persons who have been injured as a result of criminal behavior, *to the greatest extent possible.*"[3] This expressed legislative intent seems to me to support the conclusion that the legislature favors restitution awards as part of criminal sentences.

Judge Collins's restitution award in this case appears to me to be consistent with this legislative policy. The Folk Festival was clearly injured by Demers's thefts. But for the volunteer efforts of the board of directors, the cost of reconstructing the financial records of the Folk Festival would have been much greater. To say that a victim can recover restitution only when he hires some-

one else to undo the damage caused by a criminal act appears to violate the policy set by the legislature. Moreover, as a separate policy consideration, if we only allow a victim to recover restitution if he hires a third party to undo the damage, we actually encourage victims to increase the amount of their actual loss.

On the other hand, if the victim of a crime, rather than hiring someone else, spends his own time and effort to fix damages caused by a criminal act and can clearly establish the value of his efforts, I see no reason to preclude a court from awarding restitution. Such a rule seems to me to be consistent with the legislative policy of these statutes and the past interpretations by this court. Accordingly, I would uphold the restitution award. I therefore dissent.

---

1.  *See Lonis v. State,* 998 P.2d 441, 447 (Alaska App.2000).

2.  AS 12.55.045(a)(1).

3.  Ch. 71, § 1, SLA 1992 (emphasis added).