STATE of Iowa, Plaintiff–Appellee,

v.

Charles Anthony STEWART, Jr.,
Defendant–Appellant.

No. 09–0143.

Court of Appeals of Iowa.

Oct. 21, 2009.

Mark C. Smith, State Appellate Defend-
er, and Dennis Hendrickson, Assistant Ap-
pellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael P. Short, County Attorney, and Bruce McDonald, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and POTTERFIELD, J., and HUITINK, S.J.*

VOGEL, P.J.

On August 11, 2008, Charles Stewart Jr. pled guilty to assault causing bodily injury in violation of Iowa Code section 708.1(1) and 708.2(2) (2005). On October 1, 2008, the district court sentenced Stewart to sixty days in jail with all but time served suspended, unsupervised probation for two years, and a fine of $315 plus surcharge and costs. As part of Stewart's sentence, he was ordered to pay restitution to the Iowa Department of Human Services (DHS)[1] in the amount of $1266.93 for Medicaid expenditures that were paid for the treatment of the victim's injuries. On appeal, Stewart asserts the district court erred in ordering him to pay restitution for Medicaid expenditures.

 We review a district court's restitution order for errors of law. *State v. Knudsen,* 746 N.W.2d 608, 609 (Iowa Ct. App.2008). "Restitution is authorized only by statute." *State v. Tutor,* 538 N.W.2d 894, 896 (Iowa Ct.App.1995). As there is no code provision enumerating Medicaid expenditures as restitution, we must examine whether the district court had statutory authority to include the Medicaid expenditures in the restitution order. *State v. Taylor,* 506 N.W.2d 767, 768 (Iowa 1993).

Pursuant to chapter 910,

In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities [and] to the clerk of court[. . . .]

Iowa Code § 910.2. Accordingly, the district court may order restitution payments under two provisions: (1) to a victim for the victim's pecuniary damages and (2) to the clerk of court for

fines, penalties, surcharges, . . . crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 9, paragraph "*b*", court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, or contribution to a local anti-crime organization.

Iowa Code §§ 910.1(4), (5), 910.2. Neither party argues that the Medicaid expenditures fall within the "payment to the clerk of court" provision. The State asserts that the Medicaid program was a "victim" because the Medicaid costs were for treatment of Stewart's victim's injuries.

 In determining whether to order restitution payments to a victim,

the district court must first identify the victim(s) of the defendant's criminal conduct. [*State v.*] *Bonstetter,* 637 N.W.2d [161] at 165 [ (Iowa 2001) ]. A victim is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5); see also Iowa Code § 4.1(20) (defining a person as "an individual, corporation, limited liability company, government or governmental subdivision or

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2009).

1. A letter from a case worker indicates payment was to be made to the Iowa Lien Recovery Unit.

agency, business trust, estate, trust, partnership or association, or any other legal entity"). Pecuniary damages are damages [not paid by an insurer, which] a victim could recover from the defendant in a civil action. Iowa Code § 910.1(3). Next, the district court must determine what losses may be included in the calculation of restitution. *Bonstetter,* 637 N.W.2d at 165. A restitution order may include any damages that are causally related to criminal activities and the order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act. *Id.*

*Knudsen,* 746 N.W.2d at 609.

■ The State or a governmental agency may be a victim entitled to restitution. *See id.* at 610. However, in cases where the State or a governmental agency was found to be a victim, it suffered a direct economic loss as a result of the crime. *See, e.g., State v. Tesch,* 704 N.W.2d 440, 452 (Iowa 2005) (finding the State and an individual were both victims where the defendant destroyed traffic warning devices that resulted in the individual's injury); *Taylor,* 506 N.W.2d at 768 (Iowa 1993) (requiring the defendant to pay for the cost of an audit when the defendant embezzled money from a State university); *State v. Wagner,* 484 N.W.2d 212 (Iowa Ct.App.1992) (requiring the defendant to pay restitution for damage to a prison caused during a riot). Also, city governments required by Iowa Code section 411.15 to pay medical bills for police officers injured in the line of duty suffer a direct economic loss from an officer's injury and may be victims for restitution purposes. In *State v. Tutor,* 538 N.W.2d 894, 896 (Iowa Ct.App.1995), the defendant fraudulently obtained public assistance and was required to pay restitution for the amount of welfare overpayments. In the present case, Stewart assaulted a person, whose medical expenses were paid by the Medicaid program administered by DHS. Unlike the government agency in *Tutor,* the Medicaid program was not the victim of Stewart's criminal conduct. Rather, the victim was the person assaulted by Stewart. The State is seeking restitution for medical benefits provided to Stewart's victim under a government entitlement program.

■ Under Iowa Code chapter 910, we do not believe under the facts of this case, that the legislature intended a governmental agency (DHS) through an entitlement program (Medicaid) be a "victim." The restitution statute provides that restitution payments be applied first to victims, and only when the victims have been fully compensated, then to the clerk of court, crime victim compensation program, and finally to certain enumerated public agencies. Iowa Code § 910.2. If the Medicaid program was a "victim" in this case, that public agency could receive payment prior to the actual victim who was assaulted. *See id.* The restitution statute is designed to provide restitution payments to the victim who was directly injured by the defendant's criminal conduct prior to payments made to governmental agencies. *See id.* Additionally, the legislature provided for certain public agencies to receive restitution payments, but did not include the Medicaid program as one of these public agencies. *Id.* We conclude that under the facts of this case, the Medicaid program is not a victim entitled to restitution for expenditures made through DHS.

However, we note that the State is not without a remedy to recover the Medicaid expenditures. The legislature has provided for DHS to recover Medicaid costs pursuant to Iowa Code section 249A.6. *See State ex rel. Miller v. Philip Morris, Inc.,* 577 N.W.2d 401, 405–06 (Iowa 1998) (dis-

cussing that section 249A.6 is the State's remedy to recover Medicaid expenditures from third parties responsible for the injury that required medical services). Furthermore, to broaden the statute to include restitution for Medicaid expenditures is a legislative function. *See Knudsen,* 746 N.W.2d at 611 (citing *State v. Monroe,* 236 N.W.2d 24, 36 (Iowa 1975) ("If changes in a law are desirable from a standpoint of policy or mere practicality, it is for the legislature to enact them, not for the court to incorporate them by interpretation.")).

We conclude that in this case, the Medicaid program is not a victim entitled to restitution and the restitution statute does not expressly provide for the repayment of Medicaid expenditures. Therefore, we find the district court did not have authority to order Stewart to pay restitution for Medicaid expenditures incurred by DHS. *Id.* Accordingly, we vacate the restitution order and remand.

**REVERSED AND REMANDED.**