Maidie MAILLELLE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10682.

Court of Appeals of Alaska.

April 27, 2012.

---

Julia D. Moudy, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

Maidie Maillelle pleaded guilty to a charge of second-degree assault for striking her 20–year–old daughter with a truck and injuring her severely.

Maillelle had consumed at least two bottles of vodka, and her daughter was standing in front of the truck to prevent Maillelle from driving. Maillelle accelerated the vehicle toward her daughter, struck her, and dragged her underneath the truck for about 50 feet. Maillelle then put the vehicle in reverse and ran over her daughter again. At this point, Maillelle stopped, looked down at her daughter, and then drove away.

Maillelle's daughter's medical expenses were paid by the State of Alaska's Medicaid program. These expenses totaled slightly less than $102,000.

At Maillelle's sentencing, the State asked the superior court to order Maillelle to pay restitution to the State, in reimbursement of this Medicaid assistance. Maillelle objected to the State's request; she argued that the State—*i.e.*, the Medicaid program—was neither a "victim" nor a provider of medical care to the victim within the meaning of the restitution statute.

The superior court ruled in the State's favor on this issue and ordered Maillelle to make the restitution. Maillelle now appeals.

■ The statute in question, AS 12.55.045(a), declares that, unless potential recipients of restitution decline their statutory right to repayment, the sentencing court shall order the defendant to pay restitution . . .

> to the victim or other person injured by the offense, [or] to a public, private, or private nonprofit organization that has provided or is or will be providing counseling, medical, or shelter services to the victim or other person injured by the offense, or as otherwise authorized by law.

In this appeal, Maillelle relies on the clause, "including restitution to . . . a public, private, or private nonprofit organization *that has provided* . . . medical . . . services to the victim". Maillelle points out that the Medic-

aid program does not directly provide medical services to anyone. Rather, Medicaid is an insurance program. Focusing on this distinction, Maillelle argues that even though Medicaid *reimbursed* the medical facilities and medical personnel who provided medical services to her daughter, Medicaid did not *itself* provide these medical services.

Maillelle concedes that if the hospital and the medics, doctors, nurses, and pharmacists who provided care to her daughter had sought restitution during the sentencing proceedings, *they* would have been entitled to restitution under the statute. But according to Maillelle, Medicaid is not entitled to restitution under AS 12.55.045(a)-because the statute only allows a court to order restitution to organizations "that [have] *provided* ... medical ... services to the victim".

Maillelle's argument is seemingly inconsistent with this Court's decision in *Lonis v. State*, 998 P.2d 441 (Alaska App.2000). In *Lonis*, we held that a sentencing court was authorized, pursuant to AS 12.55.045, to order a defendant to pay restitution to an insurance company that had compensated the victim for the losses attributable to the defendant's crime. *Id.* at 447–48.

We gave two rationales for this decision. First, we noted that if an insurance company suffered a loss as a result of the defendant's crime, the company itself would qualify for restitution because the company was a "victim or other person injured by the offense".[1] Second, we noted that even if the insurance company did not qualify as a "victim or other person injured by the offense", the sentencing court could have ordered the defendant to pay restitution directly to the victim—and, because the victim's loss had already been compensated by the insurance company, the insurance company would have been entitled to recoup this money from the victim.[2] We concluded that a defendant has no standing to complain when, in this situation, a court orders the restitution to be paid directly to the victim's insurer.[3]

Maillelle argues that our decision in *Lonis* does not apply to her case because Medicaid assistance is different from the insurance

offered by private companies. Maillelle points out that a person must enter into a contract with an insurance company, but a person's entitlement to Medicaid benefits is automatic—guaranteed by federal and state law. Based on this distinction, Maillelle argues that an insurance company suffers a "loss" when it pays benefits to an insured, but the government does not suffer a "loss" when the Medicaid program pays compensation to a medical provider, because Medicaid benefits are an entitlement.

We find this argument unpersuasive. Medicaid is a form of insurance, even though the recipient of Medicaid benefits does not directly contract with the government for this insurance coverage. Medicaid funds were used to pay for the medical treatment that Maillelle's daughter received. And Maillelle does not dispute that her daughter needed this treatment as a result of Maillelle's criminal conduct. Thus, the State of Alaska (and the federal government, to the extent of its obligation to reimburse the State of Alaska for Medicaid expenses) have lost money as a result of Maillelle's crime. We therefore conclude that the State is a "victim or other person injured by the offense" within the meaning of AS 12.55.045(a).

■ We also note, as we did in *Lonis*, that Maillelle probably does not have standing to complain that the sentencing court ordered Maillelle to pay an uncontested amount of restitution to one person as opposed to another. As we explained earlier, Maillelle concedes that the sentencing court could properly have ordered her to pay the same amount of restitution to the hospital and the medics, doctors, nurses, and pharmacists who provided her daughter's medical care. But if the sentencing court had done that, the Medicaid program would be entitled to recoup this money from the medical care providers. Thus, as in *Lonis*, Maillelle would have no standing to object to the sentencing court's decision to order this same restitution paid directly to the State.

Finally, Maillelle notes that, in a case similar to her own (an assault that required the

1. *Lonis*, 998 P.2d at 447–48.

2. *Ibid.*

3. *Id.* at 448.

victim to receive medical treatment), the Iowa Court of Appeals ruled that it was improper to order the defendant to pay restitution to the Iowa Department of Human Services, the government agency that ended up paying for the victim's medical care. *State v. Stewart*, 778 N.W.2d 62, 63–65 (Iowa App.2009). Maillelle asks us to follow the reasoning of this Iowa case.

But the Iowa restitution statute, Iowa Code § 910.2, is drawn more narrowly than Alaska's restitution statute. The Iowa statute authorizes a sentencing court to order restitution to a "victim", while our statute authorizes restitution to a "victim or other person injured by the offense". Iowa law defines a "victim" as "a person who has suffered pecuniary damages as a result of the offender's criminal activities". Iowa Code § 910.1(5). But, according to the *Stewart* court, "pecuniary damages" are limited to damages not paid by an insurer. *Stewart*, 778 N.W.2d at 63–64, citing Iowa Code § 910.1(3).

Moreover, the Iowa court felt obliged to construe its restitution statute narrowly. *Id.* at 64. The Alaska Legislature, on the other hand, has made it plain that it intends Alaska's statute to be construed broadly. The statute itself declares that when a court determines the amount of restitution and the method of payment, "the court shall take into account ... (1) [the] public policy that favors requiring criminals to compensate for damages and injury to their victims; and (2) [the] financial burden placed on the victim and those who provide services to the victim and other persons injured by the offense as a result of the criminal conduct of the defendant."

We further note that, the last time this Court interpreted the restitution statute narrowly, the legislature promptly responded by amending the statute to overturn our decision. *See Demers v. State*, 42 P.3d 1, 2 (Alaska App.2002), and SLA 2003, ch. 26, § 1.

For these reasons, we decline to follow the Iowa Court of Appeals' decision in *Stewart*.

To conclude: The State of Alaska, through its Medicaid program, paid for the medical services that Maillelle's daughter required as a result of Maillelle's criminal conduct. The government of Alaska is therefore a "victim or other person injured by [Maillelle's] offense". Moreover, Maillelle has no standing to complain that the sentencing court ordered her to pay the restitution directly to the State, rather than ordering her to pay the restitution to her medical care providers, who would then have to turn the money over to the State.

The judgement of the superior court is AFFIRMED.