# IN THE COURT OF APPEALS OF IOWA

No. 14-1582
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RONALD LAM JR.,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve (plea) and John D. Telleen (sentencing), Judges.

Ronald Lam appeals his sentence following a guilty plea to five counts of burglary in the second degree and one count of credit card fraud. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine and Dion Trowers, Assistant County Attorneys, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, P.J.**

Ronald Lam appeals his sentence, following a guilty plea, for five counts of burglary in the second degree, in violation of Iowa Code sections 713.5(2) and 703.1 (2013), and one count of credit card fraud, in violation of Iowa Code section 715A.6(2). Lam asserts the court abused its discretion when it noted that one of Lam's statements during allocution—that his wife did not know the crimes occurred—was, in the court's opinion, false. Lam also argues the court improperly assessed him court costs incurred for three dismissed counts. Because we conclude the district court did not consider an improper sentencing factor, we affirm this portion of the sentence. However, Iowa Code section 815.13 provides that court costs incurred for dismissed counts be assessed to the State, and here, court costs were not specifically contemplated in the plea agreement. Therefore, we vacate the portion of the sentence assessing court costs to Lam on the three dismissed charges and remand for entry of a corrected sentencing order.

## I. Background Facts and Proceedings.

Over the course of three dates—July 29, August 6, and August 13, 2013—Ronald Lam committed a number of crimes. He provided a ride to and from six homes knowing the person to whom he gave a ride was going to break into or enter the homes with the specific intent to steal something inside. Lam sat outside and acted as a lookout while his companion was in the house. *Id.* Lam also took a person's American Express card and attempted to withdraw money from an ATM without the owner's permission.

The State charged Lam by two trial informations with a total of nine counts, including: six counts of burglary in the second degree, a class "C" felony, in violation of Iowa Code sections 713.5(2) and 703.1; one count of conspiracy to commit a felony, a class "D" felony, in violation of Iowa Code section 706.3; one count of credit card fraud, an aggravated misdemeanor, in violation of Iowa Code section 715A.6(2); and one count of theft in the second degree, a class "D" felony, in violation of Iowa Code section 714.2(2).

On August 4, 2014, Lam pled guilty to five counts of burglary in the second degree and one count of credit card fraud. The State agreed to dismiss the other three counts. The plea agreement stated in part: "The [S]tate's recommendation is conditioned on the defendant making restitution, an amount to be determined on all charged cases."[1] No further explanation of what would constitution restitution was contained in the plea.

During the sentencing hearing held on September 18, 2014, Lam was afforded his right of allocution and asserted he was "willing to pay every penny back to society and any other surcharges and fees." Additionally, Lam stated: "My wife was unaware of a lot of things that I was doing, she did not know where I was at night and that's, I don't know, I wish [I] had the opportunity to make things up to her as well."

During the sentencing hearing, the district court stated:

And by the by, I'm not buying your statements that your wife didn't know what you were doing. I did read the minutes of testimony, and at least according to the minutes of testimony, they show that you were texting your wife during the process of these events telling her what you had gotten from various homes and so, it's not

---

[1] This section was also read aloud by the court during the plea colloquy.

really relevant to my decision on sentencing at all, as a matter of fact it's not really relevant, I'm pointing out that I'm not necessarily buying that your wife didn't know, but that's frankly neither here nor there to my sentence because I find for deterrence, the interest of deterrence, and punishment separating you from the community is appropriate.

With regard to the six guilty convictions, the district court sentenced Lam to a term of incarceration not to exceed twenty years, ordering two of the burglary sentences to run consecutively, with the remaining sentences to run concurrently. Three counts—two counts of burglary in the second degree and one count of theft in the second degree—were then dismissed upon the State's motion. As part of its sentencing order, the district court assessed to Lam the court costs incurred for those dismissed counts. Lam appeals.

## II. Scope and Standard of Review.

We review the imposition of a sentence for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). "The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will not reverse on appellate review unless the defendant demonstrates an abuse of trial court discretion or the consideration of inappropriate matters. *State v. Formaro*, 638 N.W.2d 720 (Iowa 2002) (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)).

We review challenges to the legality of a sentence for correction of errors at law. *State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998). The amount of restitution is part of the sentencing order and may be directly appealed. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984).

**III. Sentencing Factors.**

A sentence will be set aside when the district court "relied upon" unprosecuted or uncharged offenses that were "neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). "In order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on the improper evidence." *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996).

Upon review of the record, we conclude the district court did not abuse its discretion by relying on an improper factor. With regard to Lam's statement that his wife did not know, the court explicitly stated:

> [I]t's not really relevant to my decision on sentencing at all, as a matter of fact it's not really relevant, I'm pointing out that I'm not necessarily buying that your wife didn't know, but that's frankly neither here nor there to my sentence because I find for deterrence, the interest of deterrence, and punishment separating you from the community is appropriate.

The court then imposed its sentence based on the protection of the community, the seriousness of the crimes, the number of crimes of which Lam had been convicted, the interest of deterrence, and punishment. *See* Iowa Code § 901.5; *Formaro*, 638 N.W.2d at 725 (asserting that at sentencing it is important for the court to consider: the nature of the offense; the attending circumstances; the age, character, and propensity of the offender; and the chances of reform). The court also considered mitigating factors, including Lam's willingness to accept change and treatment, community resources, Lam's own statements to the court, and his wife's comments.

The court noted it did not believe one of Lam's statements; however, it explicitly stated this was not a factor in its sentencing decision. In *State v. Bragg*, 388 N.W.2d 187, 191 (Iowa Ct. App. 1986), our court held that, although the sentencing court stated "in unequivocal and accusatory language" that it believed part of the defendant's testimony was a "bald faced lie," it was not an abuse of discretion for the court to consider the truth and veracity of the defendant's statements in determining the defendant's character. Here, there is no evidence the court even considered the truth of Lam's statements in determining his character. The court merely opined the statement was false and then affirmatively stated that opinion was not a factor in its sentencing decision.

Consequently, the district court's decision fell within the range of sentences authorized by statute, was supported by a thorough analysis of the relevant sentencing factors, and did not rely on any improper sentencing factors. *See* Iowa Code § 902.9(1)(e). Accordingly, we find no abuse of discretion and affirm that portion of Lam's sentence.

**IV. Illegal Sentence.**

Lam also argues the court improperly assessed him court costs incurred for three counts dismissed by the State. Lam claims because he did not expressly agree to pay court costs for dismissed counts in his plea agreement, his sentence was illegal. The State, in turn, argues court costs for dismissed counts was contemplated in the plea agreement by the statement: "The [S]tate's recommendation is conditioned on the defendant making restitution, an amount to be determined on all charged cases."

"Criminal restitution is a creature of statute." *State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011) (citing *Woodbury County v. Anderson*, 164 N.W.2d 129, 133 (Iowa 1969) and *State v. Tutor*, 538 N.W.2d 894, 896 (Iowa Ct. App. 1995)). A defendant is responsible for court costs associated with the particular charge to which he pleads or is found guilty. Iowa Code § 910.2. Additionally, Iowa Code section 910.1(4) identifies court costs as a form of restitution. However, this section only applies to "criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered." *Id.* § 910.2(1).

In *State v. Petrie*, 478 N.W.2d 620, 621–22 (Iowa 1991), our supreme court determined:

> The provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan . . . . Expenses clearly attributed to other charges such as attorney fees connected with the suppression issues should not be assessed against the defendant. Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant. Since the defendant [in *Petrie*] was only convicted on one of three counts he should be required to pay only one-third of these costs.

Thus, Iowa Code section 815.13 authorizes the collection of costs of a criminal prosecution from a defendant "unless the defendant is found not guilty *or the action is dismissed.*" Iowa Code § 815.13 (emphasis added); *see also Petrie*, 478 N.W.2d at 622. The imposition of court costs for dismissed counts is without statutory authorization. However, a lack of statutory authorization does not

preclude "the parties to a plea agreement from making a provision covering the payment of costs and fees." *Petrie*, 478 N.W.2d at 622.

Lam claims his plea agreement does not have a provision covering the payment of court costs for dismissed counts. The plea's restitution provision states: "The [S]tate's recommendation is conditioned on the defendant making restitution, an amount to be determined on all charges." It did not affirmatively state he was responsible for court costs for the dismissed counts. Thus, it was error for the district court to assess court costs to Lam for the three dismissed counts. We therefore vacate that portion of the sentence to eliminate the court costs for the dismissed counts.

## V. Conclusion.

Because the court did not consider improper factors in its sentencing decision, we find no abuse of discretion with respect to the imposition of Lam's sentence. However, the assessment of court costs to Lam for the dismissed counts was neither authorized by statute nor expressly agreed to in Lam's plea agreement; therefore, we vacate this portion of the sentence. Accordingly, we remand for entry of a corrected sentencing order consistent with this ruling.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**