# IN THE COURT OF APPEALS OF IOWA

No. 14-1508
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALAN LEE LUCAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Nancy A. Baumgartner, Judge.

        Alan Lee Lucas appeals the restitution order from his convictions for theft and ongoing criminal conduct.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Alan Lee Lucas appeals the restitution order from his convictions for theft and ongoing criminal conduct, claiming the district court erred in ordering him to make restitution to certain individuals and not to the limited partnership. We find the district court properly exercised its discretion pursuant to Iowa Code chapter 910 (2013) in ordering Lucas to make restitution to the victims listed in the restitution order.

After a jury trial in October 2013, Lucas was convicted of first-degree theft and ongoing criminal conduct. Lucas appealed his convictions to our court, and we affirmed. *State v. Lucas*, No. 14-0458, 2015 WL 4468844, at *8 (Iowa Ct. App. July 22, 2015). The facts leading to Lucas's convictions concern defrauding investors in Lucas's corporation and are set out in our first opinion. *Id.* at *1–4. As Lucas's convictions are not at issue herein, we focus solely on the restitution proceedings.

In November 2013, the State submitted a statement of pecuniary damages concerning victim restitution. The State filed an amended statement in April. Lucas filed an objection, claiming that some of the individuals listed in amended statement of pecuniary damages were not victims. He noted some of the listed individuals were not members of Covenant Investment Fund (CIF) when he became associated with the fund. He further noted other listed individuals were current members of CIF and, therefore, could not be victims by the nature of the partnership agreement. Lucas urged the court to wait for a Delaware case to be decided before ordering restitution; the Delaware case would determine the "status of the victims."

A restitution hearing was held on August 15, 2014. The court issued an order on August 27, and held:

> All of Lucas's arguments in support of his position that he should not be ordered to pay restitution to the limited partners/investors of Covenant Investment Fund are the same arguments he has been making throughout this case. Lucas still argues that he cannot be held criminally liable for misappropriating partnership funds because CIF is a Delaware partnership. That issue has been decided against him twice in this case.
> . . . .
> The State proved beyond a reasonable doubt to the satisfaction of a unanimous jury that Lucas committed theft of over $10,000 by misappropriating funds belonging to the investors/partners in Covenant Investment Fund, and that he committed Ongoing Criminal Conduct for the ongoing nature of the thefts. There was more than substantial evidence to support the jury's verdict.

The district court ordered Lucas to make restitution, totaling $189,884, to nine victims.

On appeal, Lucas claims the court erred as the evidence does not support awarding restitution to select Iowa residents and restitution should have been made to the limited partnership.[1] He claims the distribution of the CIF assets must be done according to the limited partnership agreements and Delaware law. We review restitution orders for correction of errors at law. *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004); *State v. Brewer*, 547 N.W.2d 15, 16 (Iowa Ct. App. 1996) (finding when the defendant challenges whether the district court has the authority to collect restitution, the challenge is reviewed for legal error).

---

[1] The State claims Lucas has failed to preserve error on this claim on appeal. We find Lucas's general mention of this issue (who should properly receive restitution) is adequate to allow us to review his claim on appeal. *See State v. Mai*, 572 N.W.2d 168, 171 (Iowa Ct. App. 1997) (finding a defendant's failure to raise an objection to the restitution ordered at the sentencing hearing did not bar that claim on appeal when the objection was raised in the defendant's brief).

Iowa Code chapter 910 provides the framework for imposition of the criminal sanction of restitution. Iowa criminal defendants who plead guilty or who are found guilty are required to make restitution "to the victims of the offender's criminal activities." Iowa Code § 910.2. To determine if restitution is required in any given case, the district court must first identify the victim(s) of the defendant's criminal conduct. *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). Restitution includes damages sustained by the victim of a crime that, with some exceptions, would be recoverable against the offender in a civil action. Iowa Code § 910.1(3). Consequently, in each instance, a causal connection must exist between the criminal act and the injury to the victim. *State v. Ihde*, 532 N.W.2d 827, 829 (Iowa Ct. App. 1995). "This causal connection is essentially the tort element of proximate cause. This connection must be shown under some civil theory such as fraud or intentional tort. The damage must have been caused by the offender's criminal act to justify the restitution order." *State v. Wagner*, 484 N.W.2d 212, 216 (Iowa Ct. App. 1992) (citations omitted).

Although a restitution order is mandatory, the trial court has discretion to determine the amount. Iowa Code § 910.3. A defendant who seeks to overturn or modify a restitution order must show a failure by the trial court to exercise its discretion or an abuse of discretion. *State v. Tutor*, 538 N.W.2d 894, 896 (Iowa Ct. App. 1995). A trial court abuses its discretion and exceeds its statutory authority when it orders restitution for losses not causally related to the offense committed. *Id.*

Here, Lucas equates the payment of restitution with the allocation or distribution of the partnership's assets, which he claims should have been done

in accordance with Delaware law and the partnership agreement. In Iowa, restitution is solely controlled by Iowa Code chapter 910—it is not an allocation or distribution of partnership assets or controlled by another state's law. Once Lucas was found guilty of theft and ongoing criminal conduct, he was required to make restitution to the victims of his crimes. *See* Iowa Code § 910.2. In ordering restitution, the district court determined the victims who were "casually related" to the offenses committed by Lucas. *Tutor*, 538 N.W.2d at 896. Based on the evidence at trial, the district court ordered restitution to be made to the identifiable victims of Lucas's crimes. Upon our review, we find the district court properly exercised its discretion, and we affirm.

**AFFIRMED.**