**IN THE COURT OF APPEALS OF IOWA**

No. 18-1700
Filed June 19, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GREGG PATRICK QUIGLEY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

A defendant appeals his conviction for theft in the third degree. **AFFIRMED.**

Kevin E. Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Gregg Quigley appeals his conviction for theft in the third degree. We find Quigley's claims of ineffective assistance by defense counsel during his guilty plea proceeding should be preserved for possible postconviction proceedings and find the court did not abuse its discretion in setting the amount of restitution in the sentencing order. We affirm Quigley's conviction.

## I.  Background Facts & Proceedings

According to the minutes of testimony, over the course of several months, Quigley engaged in a scheme with Steven Wise, an employee of a convenience store in Indianola, in which Wise permitted Quigley to take items from the store without paying for them and Wise gave Quigley money from the cash register. Quigley and Wise would later meet and split the proceeds from the thefts. At times, Quigley's girlfriend accompanied him and also took items from the store.

On December 20, 2017, the County Attorney's Office filed a Verification of Loss Report in Quigley's case showing the convenience store had losses of $417.54. A police report stated, "Quigley stole $417.54 worth of merchandise," Wise took merchandise worth $1871.38, and Quigley's girlfriend took merchandise worth $664.53. Quigley was charged with theft in the third degree[1] and conspiracy to commit theft as a habitual offender.

In a written plea agreement, Quigley pled guilty to third-degree theft, in violation of section 714.2(3), an aggravated misdemeanor. The State agreed to

---

[1]  Quigley was charged with theft in the third degree because he had two previous convictions for theft. *See* Iowa Code § 714.2(3) (2017) ("[T]he theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft, is theft in the third degree.").

dismiss the charge of conspiracy to commit theft as a habitual offender.[2]  Quigley

provided a factual basis for the plea:

> I did take merchandise valued at $417.54 from the Indy 66 without paying full price.  I understand the price I paid was not the correct price and I did not have the right to pay that price.  I have been previously convicted of thefts and was represented by counsel in 2000 in Polk County and 2005, 2012 in Marshall County.

The written plea agreement provided the parties would recommend a term of

imprisonment not to exceed two years and the State was requesting "Victim

restitution in the amount of $2,953.45."  The court accepted Quigley's guilty plea.

Quigley filed a motion in arrest of judgment, stating he "dispute[d] the total

value of restitution required by the plea agreement and believe[d] the plea was not

completed properly."  At the sentencing hearing, Quigley withdrew his motion in

arrest of judgment.  Defense counsel and the prosecutor recommended Quigley

serve a term of imprisonment not to exceed two years.  The State asserted Quigley

should pay restitution of $2953.45.  The court sentenced Quigley to a term not to

exceed two years and ordered him to pay restitution of $2953.45.  Quigley now

appeals.

## II.     Guilty Plea

Quigley claims there were due process violations during his guilty plea

proceedings.  However, he does not specify how his due process rights were

violated.  He also states he received ineffective assistance of counsel because he

was poorly advised by defense counsel concerning the prudence of pleading guilty

---

[2]  The State also agreed to dismiss other pending charges against Quigley as part of this plea agreement.

under the terms of the plea agreement. Quigley recognizes the record is not fully developed on this issue.

We address claims of ineffective assistance on direct appeal only when the record is adequate. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). If a claim of ineffective assistance of counsel cannot be addressed in a direct appeal, it should be preserved for possible postconviction relief proceedings. *Johnson*, 784 N.W.2d at 198.

We find the present record is not adequate to address Quigley's claims concerning the guilty plea proceedings. We determine the issue should be preserved for possible postconviction relief proceedings.

### III.    Sentencing

Quigley claims the sentencing order improperly requires him to pay restitution of $2953.45. He points out he pled guilty to taking only $417.54. He claims the record does not support the restitution order setting the amount of restitution at $2953.45. Additionally, Quigley states he received ineffective assistance because defense counsel did not challenge the restitution award.

We review restitution orders for an abuse of discretion. *State v. Morris*, 858 N.W.2d 11, 14 (Iowa 2015). A determination of the amount of restitution is within the sound discretion of the court. *State v. Shears*, 920 N.W.2d 527, 532 (Iowa 2018). "A trial court abuses its discretion and exceeds its statutory authority when it orders restitution for losses not causally related to the offense committed." *State v. Tutor*, 538 N.W.2d 894, 896–97 (Iowa Ct. App. 1995).

The State has the burden to show entitlement to restitution. *Shears*, 920 N.W.2d at 532; *see also Tutor*, 538 N.W.2d at 897 ("It is the burden of the State, however, not the defendant, to prove the amount of damages causally connected to the criminal act."). The State must show the requested amount of restitution is supported by substantial evidence. *See State v. Roache*, 920 N.W.2d 93, 108 (Iowa 2018). The amount of restitution should be the amount of pecuniary damages, which should be "all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages." *State v. Bonstetter*, 637 N.W.2d 161, 167 (Iowa 2001) (quoting Iowa Code § 910.1(3)).

The State claims Quigley stipulated to the amount of restitution in the written guilty plea and this relieved the State of its burden to prove the amount of restitution. The written plea agreement states Quigley was informed the prosecutor "will recommend the following sentence and disposition," "[v]ictim restitution in the amount of $2,953.45." This states Quigley was aware the State was seeking restitution of $2953.45, not that he agreed to the amount of restitution. We conclude the State was not relieved of its burden to prove the amount of restitution.

The State also claims the minutes of testimony show the total amount taken from the store by Quigley, Wise, and Quigley's girlfriend was $2953.45. A police report attached to the minutes states Wise took merchandise worth $1871.38 while on his shift at the convenience store, Quigley took merchandise worth $417.54,

and Quigley's girlfriend took merchandise worth $664.53, which totals $2953.45. This amount does not include $161.33 worth of cigarettes taken by Wise.[3]

"[C]omparative fault principles do not apply to restitution for criminal acts under Iowa Code chapter 910." *State v. Wagner*, 484 N.W.2d 212, 216 (Iowa Ct. App. 1992). "To hold defendant liable for embezzlement done by other employees, it is necessary to show defendant was involved in a scheme or concert of action." *State v. Ihde*, 532 N.W.2d 827, 830 (Iowa Ct. App. 1995). A defendant is not required to pay restitution for "[a] theft by another individual, in which defendant did not participate." *Id.*

The minutes of testimony show Quigley was involved in a scheme or acted in concert with Wise and Quigley's girlfriend to take items from the convenience store without paying for them. Quigley can then be made responsible to pay in restitution the total amount taken as part of the scheme. We conclude there is substantial evidence in the record to support the district court's decision finding Quigley should pay restitution of $2953.45. We determine the district court did not abuse its discretion in the sentencing order.

We affirm Quigley's conviction for third-degree theft.

**AFFIRMED.**

---

[3] The report states Wise stole $2032.71, which came from merchandise worth $1871.38 and cigarettes worth $161.33. The trial court file contains a copy of the Verification of Loss Statement filed by the County Attorney's Office in the criminal proceedings against Wise, stating the convenience store's losses were $2032.71.